Charles H. JOHNSON, Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS, Respondent.

No. 03–3320.

United States Court of Appeals, Federal Circuit.

DECIDED: March 4, 2004.

Charles H. Johnson, Detroit, MI, pro se.

Stephen Finn, Principal Attorney, Department of Justice, David M. Cohen, Deborah A. Bynum, Department of Justice, of Counsel, Washington, DC, for Respondent.

Before MAYER, Chief Judge, LOURIE and LINN, Circuit Judges.

## DECISION

PER CURIAM.

Charles H. Johnson appeals from the decision of the Merit Systems Protection Board dismissing his appeal in which he claimed that the Department of Veterans Affairs (the "agency") violated the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301–4333 (2000), in failing to select him for initial employment. *Johnson v. Dep't of Veterans Affairs*, No. CH–3443–03–0269–I–1 (M.S.P.B. June 19, 2003) (*"Initial Decision"*). We *affirm*.

## BACKGROUND

On January 21, 2003, Mr. Johnson submitted an application for initial employment at the Veterans Affairs Medical Center in Detroit, Michigan. Included with that application was a copy of Johnson's form DD–214, which indicated that he was discharged from the United States Air Force in 1987. A few days later, Johnson also submitted an Air Force memorandum indicating that he was discharged under honorable conditions. On January 29, 2003, Johnson filed an appeal to the Board in which he alleged that the agency's failure to select him for employment was in violation of USERRA. In an amended appeal, Johnson alleged that the agency discriminated against him based upon his

status as a veteran by failing to select him for the position of file clerk, clerk, housekeeping aid, or human resources associate and by failing to allow him to apply for the position of medical support assistant or police officer.

After holding a hearing, an administrative judge ("AJ") for the Board issued an initial decision denying Johnson's appeal on the ground that Johnson failed to show by a preponderance of the evidence that his military service was "a substantial or motivating factor" in the agency's failure to select him. *Id.*, slip op. at 3. The AJ found that Johnson presented no evidence to demonstrate that the agency filled the four positions for which he applied or that the agency refused to allow him to apply for the other two positions. *Id.* at 4. The AJ further found that Johnson failed to establish a significant proximity in time between his military discharge and the agency's failure to select him or to present any evidence of disparate treatment or any expressed hostility by the agency toward veterans. *Id.* at 5. Johnson apparently did not file a petition for review by the full Board, and so the AJ's initial decision became final on July 24, 2003. *See id.* at 6.

Johnson timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our scope of review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir.1998).

On appeal, Johnson challenges the Board's denial of his appeal and argues that he was denied substantive and procedural rights under USERRA. He alleges that the AJ's initial decision was unsupported by legal reasoning, that the AJ failed to consider the evidence supporting his position, and that the AJ committed procedural errors. Johnson thus requests that the Board's decision be remanded with instructions to permit further discovery, to impose sanctions on the agency, and to order the agency to hire him.

The USERRA statute prohibits discrimination in employment on the basis of military service. 38 U.S.C. § 4311 (2000). A party who asserts a USERRA claim bears the initial burden of showing by preponderant evidence that his military service was "a substantial or motivating factor" in the adverse employment action. *Sheehan v. Dep't of the Navy*, 240 F.3d 1009, 1013 (Fed.Cir.2001) (citation omitted). Discriminatory motivation is a factual question that may be proved by direct or circumstantial evidence and may be reasonably inferred from a variety of factors, including the following:

> proximity in time between the employee's military activity and the adverse employment action, inconsistencies between the proffered reason and other actions of the employer, an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses.

*Id.* at 1014.

In this case, we conclude that the AJ correctly determined that Johnson failed to meet his initial burden of establishing that his military service was a substantial or motivating factor in the agency's decision not to select him for initial employ-

ment. As the AJ observed, Johnson demonstrated no proximity in time between his military discharge in 1987 and his application for employment with the agency in 2003. Nor did he demonstrate any inconsistencies between the agency's proffered reasons for not selecting him and the agency's actions. Moreover, although the agency had knowledge of Johnson's military service, there is no indication that the agency treated applicants disparately or expressed hostility toward veterans. On the contrary, the evidence shows that the agency routinely employed veterans and, in testimony presented by Johnson himself, that the agency interviewed only veterans for a vacant health aid position. Also, Johnson presented no evidence to show that the positions for which he applied were ever filled, and an agency staffing specialist testified that there were no vacancies for those positions at the time of Johnson's application. Thus, substantial evidence supports the AJ's finding that the agency did not act with discriminatory intent. We therefore conclude that the AJ correctly determined that Johnson failed to meet his burden of showing by preponderant evidence that his military service was a substantial or motivating factor in the agency's failure to hire him.

Johnson argues nonetheless that certain procedural errors warrant a remand in this case. More specifically, Johnson asserts that the AJ unfairly prevented a witness from testifying at the hearing and that a document was improperly kept out of the record. However, procedural matters fall within the Board's sound discretion, *Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed.Cir.1988), and we conclude that the AJ did not abuse that discretion in making any evidentiary rulings regarding Johnson's appeal. First, the AJ's decision not to permit the testimony of a Medical Center intern falls squarely within the AJ's discretion to determine how many and which witnesses

may testify. *See Veneziano v. Dep't of Energy*, 189 F.3d 1363, 1369 (Fed.Cir. 1999). Johnson has failed to explain, or even suggest, how that evidentiary decision was prejudicial or how the intern's testimony could have changed the outcome of the proceedings before the Board. The AJ's decision to exclude the intern's testimony was therefore not reversible error. *See Curtin*, 846 F.2d at 1379. Second, we discern no prejudicial error in the fact that a June 3, 2003 letter from the agency was not made a part of the record before the Board. Johnson acknowledges that that letter was properly served to him, yet he apparently did not present it to the Board as evidence. In any event, we fail to see how the letter would have supported Johnson's appeal, as it indicates that there were no referrals for the housekeeping aid position; that two file clerk positions and a temporary clerk position were filled by veterans; and that a human resources assistant position was filled internally. The letter in no way suggests that the agency acted with discriminatory intent in not hiring Johnson, and its exclusion from the record was therefore not prejudicial to Johnson's appeal. We thus conclude that the procedural rulings now challenged by Johnson were not an abuse of the Board's discretion.

We have considered Johnson's remaining arguments and find them unpersuasive.

CONCLUSION

We conclude that the Board's decision denying Johnson's appeal was not arbitrary, capricious, or an abuse of discretion; unsupported by substantial evidence; or contrary to law. Accordingly, we affirm the decision of the Board.